## Waiver of Service of Summons

TO:   Charles E. Lipsey, Susan H. Griffen and Bryan C. Diner, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Avenue, N.W., Washington, D.C. 20001-4413.

On behalf of Wockhardt USA, Inc., I acknowledge receipt of your request that Wockhardt USA, Inc. waive service of a summons in the action of <u>Orion Corp. v. Wockhardt USA, Inc. and Wockhardt Ltd.</u>, which is case number <u>07-550</u> in the United States District Court for the District of Delaware. I have also received a copy of the complaint in the action, two copies of the waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Wockhardt USA, Inc. be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

Wockhardt USA, Inc. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Wockhardt USA, Inc. if an answer or motion under Rule 12 is not served upon you within 60 days after <u>September 26, 2007</u>, or within 90 days after that date if the request was sent outside the United States.

_10-23-07_
Date

_Anastasia M. Fernands_
Name

_51 Madison Ave_
Street Address

_New York, NY 10010_
City, State, Zip Code

_Anastasia M. Fernando_
Signature

_212-849-7157 / 212-849-7100_
Telephone Number and Fax Number

_Attorneys for Wockhardt USA, Inc._
Relationship to Wockhardt USA, Inc.

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff), a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.