## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORION CORPORATION, ) | |
| ) | |
| Plaintiff / Counterclaim ) | |
| Defendant, ) | C. A. No. 07-550-GMS-LPS |
| ) | |
| v. ) | |
| ) | |
| WOCKHARDT USA, INC., and ) | |
| WOCKHARDT LIMITED, ) | |
| ) | |
| Defendants/ ) | |
| Counterclaim Plaintiffs. ) | |
| ) | |

## SCHEDULING ORDER

This ____ day of _____, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on May 19, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>August 15, 2008</u>.

3.  <u>Discovery</u>.

   a.  <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>130</u> hours of taking testimony by deposition upon oral examination.

   b.  <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c.  <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before <u>March 15, 2009</u>.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d.  <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before  <u>Plaintiff proposes August 15, 2009</u>; <u>Defendants propose April 17, 2009</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>Plaintiff proposes</u>

<u>September 15, 2009</u>; <u>Defendants propose May 22, 2009</u>.  <u>Reply expert reports are due on or before Plaintiff proposes October 1, 2009</u>; <u>Defendants propose June 19, 2009</u>.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  <u>Expert depositions shall be completed by Plaintiff proposes November 1, 2009</u>; <u>Defendants propose July 31, 2009</u>.

    e.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    f.  <u>Discovery Matters</u>.  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference.  Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders or motions for extension of time for briefing case

dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(f) above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Interim Status Report</u>. On <u>September 12, 2008</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.      Status Conference.  On _____, 200_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.      Tutorial Describing the Technology and Matters in Issue.  The parties shall provide the Court by Plaintiff proposes April 15, 2009; Defendants propose January 9, 2009, a tutorial on the technology at issue.  In that regard, each party may submit a videotape/CD of not more than 30 minutes.  The parties may choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>Plaintiff proposes December 1, 2009</u>. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on <u>September 19, 2008</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on <u>Plaintiff proposes February 15, 2009</u>; <u>Defendants propose October 31, 2008</u>. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on <u>Plaintiff proposes April 1, 2009</u>; <u>Defendants propose December 19, 2008</u>. The parties' answering/responsive briefs shall be contemporaneously submitted on <u>Plaintiff proposes May 1, 2009</u>; <u>Defendants propose</u>

6

<u>January 23, 2009</u>.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

      13.    <u>Hearing on Claim Construction</u>.  Beginning at _____ _.m. on <u>Plaintiff proposes May 2009</u>; <u>Defendants propose February 2009</u>, the Court will hear evidence and argument on claim construction and summary judgment.

      14.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

                                  _____
                                  United States Magistrate Judge

# Proposed Schedule

Re: *Orion Corporation v. Wockhardt USA, Inc. and Wockhardt Ltd.*
     Civil Action No. 07-550-GMS-LPS

| EVENT | PLAINTIFF'S PROPOSED SCHEDULE | DEFENDANTS' PROPOSED SCHEDULE |
|---|---|---|
| Deadline for joining parties | August 15, 2008 | August 15, 2008 |
| Submission of Interim Status Report | September 12, 2008 | September 12, 2008 |
| Exchange of claim terms and preliminary claim constructions | September 19, 2008 | September 19, 2008 |
| Submission of Joint Claim Construction Chart | February 15, 2009 | October 31, 2008 |
| Close of fact discovery | March 15, 2009 | March 15, 2009 |
| Submission of initial claim construction briefs | April 1, 2009 | December 19, 2008 |
| Tutorial on technology at issue | April 15, 2009 | January 9, 2009 |
| Submission of responsive claim construction briefs | May 1, 2009 | January 23, 2009 |
| Claim construction (*Markman*) hearing | May 2009 | February 2009 |
| Simultaneous exchange of expert reports for issues on which the party bears burden of proof | August 15, 2009 | April 17, 2009 |
| Simultaneous exchange of responsive expert reports | September 15, 2009 | May 22, 2009 |
| Simultaneous exchange of reply expert reports | October 1, 2009 | June 19, 2009 |
| Close of expert discovery | November 1, 2009 | July 31, 2009 |
| Deadline for case dispositive motions | December 1, 2009 | None |
| Pre-trial status conference | January, 2010 | August 2009 |
| Trial | February, 2010 | September 2009 |