```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                 IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4    ORION CORPORATION,                :   CIVIL ACTION
                                        :
 5              Plaintiff,              :
                                        :
 6          v.                          :
                                        :
 7    WOCKHARDT USA, INC. and           :
      WOCKHARDT LIMITED,                :
 8                                      :   NO. 07-550 (GMS/LPS)
                Defendants.
 9
                                - - -
10
                         Wilmington, Delaware
11                 Monday, May 19, 2008 at 11:04 a.m.
                         TELEPHONE CONFERENCE
12
                                - - -
13
      BEFORE:   HONORABLE LEONARD P. STARK, Magistrate Judge
14
                                - - -
15    APPEARANCES:

16
           MORRIS JAMES, LLP
17         BY:  RICHARD K. HERRMANN, ESQ., and
                MARY MATTERER, ESQ.
18
                and
19
           FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
20         BY:  SUSAN H. GRIFFEN, ESQ.,
                M. ANDREW HOLTMAN, Ph.D., ESQ., and
21              BRYAN C. DINER, ESQ.
                (Washington, District of Columbia)
22
                      Counsel for Plaintiff
23

24
                                             Brian P. Gaffigan
25                                           Official Court Reporter
```

```
 1    APPEARANCES:  (Continued)

 2

 3         POTTER ANDERSON & CORROON, LLP
           BY:  PHILIP A. ROVNER, ESQ.
 4
                and
 5
           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 6         BY:  ANDREW M. BERDON, ESQ., and
                ANASTASIA M. FERNANDS, ESQ.
 7              (New York, New York)

 8                  Counsel for Defendants
```

- oOo -

P R O C E E D I N G S

(REPORTER'S NOTE:  The following telephone conference was held in chambers, beginning at 11:04 a.m.)

THE COURT:  Good morning, counsel.  This is Judge Stark.  Let's begin by telling me who is on the line, first for the plaintiffs.

MR. HERRMANN:  Good morning, Your Honor.  This is Richard Herrmann for the plaintiff.  And I have with me Mary Matterer from Morris James as well as, from Finnegan Henderson, Susan Griffen, Andrew Holtman and Bryan Diner.

```
 1                THE COURT:  Okay.  And who will be speaking for
 2    the plaintiffs on the call?
 3                MR. HERRMANN:  Your Honor, it's Richard
 4    Herrmann.  And it will be primarily myself and Susan
 5    Griffen.
 6                THE COURT:  Okay.  Good morning to all of you.
 7                MS. GRIFFEN:  Good morning, Your Honor.
 8                THE COURT:  And for the defendants?
 9                MR. ROVNER:  Your Honor, this is Phil Rovner
10    from Potter Anderson; and with me on the line is Andrew
11    Berdon, and I believe Anastasia Fernands from Quinn Emanuel
12    in New York.
13                THE COURT:  And who will be speaking for the
14    defendant?
15                MR. ROVNER:  Primarily, Andy Berdon.
16                THE COURT:  All right.  Is that everybody?
17                MR. BERDON:  Yes, Your Honor.
18                THE COURT:  Okay.  Great.  Well, this is, of
19    course, the time for our scheduling conference in the matter
20    of Orion versus Wockhardt, which is our Civil Action No.
21    07-550-GMS/LPS.
22                I have your proposed submission and it looks
23    like while there certainly was agreement on some things,
24    there was also at least one seemingly insignificant
25    disagreement which had impact on other issues so I did want
```

```
 1    to give everyone a chance to explain how you view the
 2    differences and why you have taken the position you have.
 3    So first, Mr. Herrmann or Ms. Griffen, please.
 4                MR. HERRMANN:  Thank you, Your Honor.  It's
 5    Richard Herrmann.  As Your Honor can see, the parties are in
 6    reasonable agreement up through the exchange of claim terms
 7    and preliminary claim constructions through September 19th.
 8    And they are in agreement with regard to the close of fact
 9    discovery being March 15th, 2010.
10                It appears, Your Honor, the parties diverge
11    from being in agreement with regard to when the claim
12    construction briefing and hearing will begin.  The plaintiff
13    would like to begin the claim construction briefing after
14    the close of fact discovery, which we find usually to be the
15    case when the party can't agree otherwise.  And we believe
16    it would be the most efficient way to make sure that the
17    briefing closes before the argument on claim construction
18    and that we don't end up with either supplemental briefing
19    or requests for reconsideration because of later found fact
20    that might be discovered either after briefing is closed or
21    after the argument and possibly even after the opinion or
22    the order in the claim construction.  So that's the primary
23    issue.  We also have an issue with regard to dispositive
24    motions, but we think that this is the primary issue that
25    we're going to ask the Court to help us with.
```

 1                THE COURT:  Okay.  And Mr. Berdon, your
 2    response?
 3                MR. BERDON:  Thank you, Your Honor.  Your Honor,
 4    as the Court is aware, this is an ANDA case.  And in this
 5    particular case, the 30-month stay is scheduled to expire on
 6    or about February the 6th, 2010.  So our schedule has been
 7    crafted with an eye towards getting this case adjudicated
 8    on the merits in time for that 30-month stay expiration to
 9    actually be meaningful to the parties and avoid a situation
10    where there is a substantial overhang that could put my
11    client, Wockhardt in the proverbial at-risk launch situation
12    when the product would otherwise be fully approved at FDA.
13                We think that having a claim construction
14    proceed with a period of overlap, in essence while some
15    fact discovery remains ongoing, is not novel and it
16    certainly is regularly done in patent cases, and we don't
17    think that it's likely to be inefficient.  We think that
18    getting the issues narrowed down and briefed, issues of law
19    like claim construction can really be done, while not wholly
20    independent of the underlying facts, it can be done in
21    parallel with them.  And what we have proposed is to get the
22    parties going at least on claim construction late this year,
23    in late October and just sort of get everything going a
24    little bit in parallel instead of strictly in series; again,
25    with the realization that the answer in this case was filed

1   in November and, unfortunately, here we are in May without
2   having had the opportunity to conduct any discovery, and so
3   we've ended up with at least five months out of our 30-month
4   stay already having gone by the wayside.
5              And that's really the motivation here is to get
6   this case packaged up and ready for trial in a way that
7   would allow us to see, you know, potentially a decision of
8   the Court very close to the expiration of that 30-month stay
9   in February of 2010.
10             THE COURT:  Let me ask you, Mr. Berdon, do you
11  have any examples or know of any instances where this court
12  has done the overlapping with the claim construction while
13  fact discovery was still ongoing?
14             MR. BERDON:  Not in the District of Delaware in
15  my recent experience, Your Honor, no.
16             THE COURT:  All right.  Mr. Herrmann, do you
17  know of any situation in this court where that has been
18  done?  I recognize that is contrary to your argument.
19             MR. HERRMANN:  Sure, sure, sure.  Your Honor, I
20  know of no situation where the parties are in disagreement
21  as to when Markman will be where the Court has provided an
22  early Markman hearing.  As the Court knows, up until the
23  past year, I guess, Judge Sleet has been the only judge
24  that has Markman even before the close of expert discovery,
25  but he has always been a fan of waiting until the close of

1   fact discovery, having Markman, rendering a decision within
2   six weeks or so, and then the parties go off on expert
3   discovery, which is what we're proposing.  And Judge Farnan
4   has recently followed that.
5              There had been instances I understand where the
6   Court, when the parties agree, will permit the overlap.  And
7   I think years ago, in a case with Judge Robinson, where that
8   occurred and then the parties wanted to file supplement
9   briefs and it somewhat annoyed the Court.
10             Go ahead.
11             THE COURT:  I got the answer.  That's very
12  helpful.  But let me ask before, and then I will give you a
13  chance to add whatever it is you want to add.  Why should I
14  not compress fact discovery maybe even by two or three
15  months given that on your schedule, we don't get to trial
16  until February 2010 and that is when the stay would be
17  expiring anyway?
18             MR. HERRMANN:  Thank you, Your Honor.
19             MS. GRIFFEN:  Your Honor?
20             MR. HERRMANN:  I'm sorry.  It sounds like I was
21  stepping on Susan Griffen's voice.
22             MS. GRIFFEN:  I'm sorry, Richard.  Your Honor,
23  this is Susan Griffen.  The parties had discussed that, Your
24  Honor.  We think that there are issues with compressing the
25  fact discovery further than we already have because Orion is

1   a Finnish corporation.  Many of the documents will be in
2   Finnish.  The witnesses are in Finland.  There are many
3   inventors, which is why we agreed on a somewhat high number
4   of deposition hours.  I believe there are 16 inventors total
5   on the patents that are at issue in this case, Your Honor,
6   currently.  And the thought, at least on our side, was that
7   this amount of time was needed in order to get through what
8   will not be a quick discovery process.
9               THE COURT:  Well, let me just follow-up on that.
10  So if I accept that but if I accept that there is some
11  reason to try and get this on a schedule that could lead to
12  a trial sooner than February 2010, if I just tell you I'm
13  going to try to cut three months out of the schedule to get
14  to potentially a trial date in late '09 instead of early
15  2010, where would you prefer that I cut?
16              MR. HERRMANN:  This is Richard Herrmann.  I'll
17  yield the phone to Susan Griffen.
18              MR. ROVNER:  Your Honor, before she speaks, I
19  just wanted to tell you -- this is Phil Rovner.  I am aware
20  and I've been in a case where Judge Jordan moved up claim
21  construction very early.
22              THE COURT:  He moved --
23              MR. ROVNER:  That was six months before he left
24  the bench.
25              THE COURT:  But did he do it, to your knowledge,

1    to overlap with fact discovery?

2              MR. ROVNER:  Actually, in that case, he stayed

3    fact discovery.

4              THE COURT:  I see.  Okay.  Thank you.

5              Ms. Griffen, did you want to point me to a place

6    to cut if I don't take your position 100 percent?

7              MS. GRIFFEN:  Your Honor, I guess what I would

8    propose at that point would be that we would -- I guess I

9    do agree with Mr. Herrmann that the Markman is much better

10   off, the claim construction is much better off after fact

11   discovery.  I would shave somewhat on the end of fact

12   discovery and it will frankly hurt the defendants worse than

13   it will hurt us to cut fact discovery, but, you know, we

14   would be willing to have that happen.  And I guess we would

15   shave a little bit off of the Markman and take it out of

16   both places, compress the briefing schedule slightly and

17   take a little bit off of fact discovery.

18             THE COURT:  Mr. Berdon, I'm not going to deviate

19   from what I understand is the practice of this Court.  I'm

20   not going to be the first today to resolve a dispute over

21   this issue by ordering overlapping claim construction

22   briefing with fact discovery, but I am sympathetic to your

23   desire to get this case at least on tract for a trial before

24   February of 2010.  So given that, do you agree with where

25   Ms. Griffen has suggested I could maybe shave some time or

1  do you want to propose some other possibility for shaving
2  time off their schedule?
3              MR. BERDON:  Well, Your Honor, I appreciate
4  having the opportunity to work on this.  I think that if we
5  were to take a month off the close of fact discovery and
6  take it back to February, I do think that the parties ought
7  to be exchanging their proposed claim construction sooner
8  rather than later.  I really think it's the briefing and the
9  oral argument that is driving your concern, if I'm not
10 incorrect.
11             THE COURT:  No, I think you're correct.
12             MR. BERDON:  So if we were to shave back to
13 February 15th for the close of fact discovery and have our
14 initial claim construction briefs, in essence, due within
15 two weeks after that, because I don't think there is -- I
16 don't think there is a tremendous dependence of one on the
17 other, so we could get our initial claim construction brief
18 in on March 1st instead of April 1st, and then, you know,
19 sort of spool the schedule out from there where responsive
20 briefs could be due within 20 days after that March 1st
21 date.
22             THE COURT:  All right.
23             MR. BERDON:  And we could probably waive reply
24 briefs on Markman and just do opening briefs and opposition
25 briefs and take another chunk out of the schedule that

1  way.

2      MS. GRIFFEN: And, Your Honor, this is Susan
3  Griffen. We would be amenable to that.

4      THE COURT: Okay.

5      MS. GRIFFEN: And to working out with Mr. Berdon
6  a date for submission of the joint claim construction chart.
7  That is the date, the other date you were mentioning up
8  there, Andy, you wanted earlier.

9      MR. BERDON: Yes.

10     MS. GRIFFEN: And I'm sure we can compromise on
11 that date.

12     MR. BERDON: Yes, I think a joint claim
13 construction chart can precede the service of the opening
14 briefs by 60 days.

15     MS. GRIFFEN: Sure, that would be fine.

16     THE COURT: Well, what I will do is I'm going to
17 give this a little bit more thought when we get off the call
18 and give you -- we'll issue an order with the precise dates.
19 We'll basically just list the dates and require you all to
20 plug that into your scheduling order and submit us a clean
21 copy within a certain number of days. But it will in
22 corporate what we've discussed here, which will be the joint
23 claim construction chart will be due during fact discovery
24 but briefing won't begin until after fact discovery, though
25 very shortly after the end of fact discovery, and we'll

1  shave some time, probably a month off of the fact discovery,
2  leading to at least putting the case in a posture for trial
3  late in 2009.
4           Now, the parties I'm sure understand, unless
5  you all chose to consent to trial in front of me, which
6  would have to be unanimous, the trial is going to be in
7  front of Judge Sleet and it's going to be according to his
8  schedule.  And so I am not going to be setting a trial date
9  or even a pretrial conference date at this point, but, as
10 I said, I will be setting a schedule that gets this case
11 ready for pretrial conference and trial closer to the time
12 frame that the defendants have suggested rather than the
13 plaintiffs.
14          Let me just see.  There are a couple other
15 things to discuss with you.  The tutorial, when I issue my
16 order with the various dates, one thing you will notice is
17 that the tutorial date will be significantly sooner than
18 what either party proposed.  I'd like to have it some time
19 during fact discovery since it may be, though I hope not,
20 that you will be bringing discovery disputes to me and I
21 find that it's helpful if I have the tutorial some time
22 during fact discovery, because that can aid my understanding
23 of your discovery disputes.
24          All right.  Well, that was all I had.  Is there
25 anything that either party wants to add before we get off

```
 1    the call?
 2              MR. HERRMANN:  This is Richard Herrmann.  I have
 3    nothing further, Your Honor, but I will ask Susan Griffen
 4    if she has anything else on her mind on behalf of plaintiff.
 5              MS. GRIFFEN:  No, Your Honor.  Thank you.
 6              THE COURT:  Okay.
 7              MR. BERDON:  Your Honor, Andrew Berdon.  What
 8    would the mechanics ultimately be for us to get a shot at
 9    scheduling on Judge Sleet's trial calendar?  I'm concerned
10    that should we go through fact and a substantial portion of
11    expert discovery and essentially go knocking on his door,
12    the windows for trial that might otherwise have been
13    available, had we made that inquiry, would necessarily have
14    been filled up.
15              THE COURT:  Yes, I appreciate what you are
16    saying.  If that issue is not addressed in the order that
17    you will get from me shortly with respect to dates, that
18    is, it's possible that I'll have something addressing those
19    mechanics in the order you will get from me, if it's not,
20    then that means that it's a matter you have to take up with
21    Judge Sleet, and that would be something you would want to
22    do after I get the scheduling order out, which shows when
23    the parts of the case that you will be dealing with me on
24    are going to be concluded.
25              MR. BERDON:  Thanks you very much, Your Honor.
```

```
 1                    THE COURT:  Sure.  Anything further?
 2                    MR. HERRMANN:  No for the plaintiff, Your Honor.
 3                    THE COURT:  And, Mr. Berdon, nothing further;
 4    right?
 5                    MR. BERDON:  No, Your Honor.  Thank you.
 6                    THE COURT:  All right.  Thank you, all.  You
 7    will see something from us shortly.
 8                    (The attorneys respond, "Thank you, Your
 9    Honor.")
10                    THE COURT:  Good-bye.
11                    (Telephone conference ends at 11:24 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```