# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

May 30, 2008

**VIA EFILING AND HAND DELIVERY**
The Honorable Leonard P. Stark
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Orion Corporation v. Wockhardt USA, Inc. and Wockhardt Limited,*
              C.A. No. 07-550-GMS-LPS

Your Honor:

      Pursuant to the Court's direction, as ordered on May 23, 2008, the parties exchanged proposals regarding the case scheduling order, but have been unable to agree as to how the Court wishes to include Markman briefing and argument. The schedule in Your Honor's May 23rd Order has two months between close of fact discovery and beginning of expert discovery. Plaintiff proposed either placing Markman briefing after close of expert discovery or to propose to Your Honor that the Court consider beginning expert discovery on May 29, 2009. This would provide sufficient time to brief Markman and possibly argue and receive a ruling before expert discovery begins, as is Judge Sleet's general practice. Under the plaintiff's proposal, expert discovery would conclude on August 28, 2009. Trial could then be scheduled at a time suitable to Judge Sleet before the end of 2009.

      The defendant proposes to brief Markman between the close of fact discovery and the beginning of expert discovery. Specifically, defendant proposes that opening claim construction briefs be exchanged on March 6, 2009 and answering claim construction briefs be exchanged on March 27, 2009, with the date for a claim construction hearing to be set by the Court. The defendant believes this form of order is consistent with Your Honor's May 23 Order and with Your Honor's statements during the May 19, 2008 Scheduling Conference that claim construction briefing would begin "very shortly after the end of fact discovery." (05/19/08 Tr. at 11:24-25).

      The parties jointly provide to the Court the attached Scheduling Order which incorporates the dates as directed in Your Honor's May 23rd Order. The parties have added Judge Sleet's

The Honorable Leonard P. Stark
May 30, 2008
Page 2



standard Markman paragraph, in conformity with Your Honor's Order, but we have left the dates blank for the Court's consideration.

                                                   Respectfully,

                                                   Richard K. Herrmann, I.D. No. 405
                                                   *rherrmann@morrisjames.com*

RKH/sch
Enclosure

cc:    Philip A. Rovner, Esq. (via email)
        Anastasia M. Fernands, Esq. (via email)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORION CORPORATION,<br><br>        Plaintiff / Counterclaim<br>        Defendant,<br><br>        v.<br><br>WOCKHARDT USA, INC., and<br>WOCKHARDT LIMITED,<br><br>        Defendants/<br>        Counterclaim Plaintiffs. | C. A. No. 07-550-GMS-LPS |

## SCHEDULING ORDER

This ____ day of _____, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on <u>May 19, 2008</u>, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>August 15, 2008</u>.

3.  <u>Discovery</u>.

   a.  <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>130</u> hours of taking testimony by deposition upon oral examination.

   b.  <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c.  <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before <u>February 13, 2009</u>.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d.  <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>April 17, 2009</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>May 15, 2009</u>.  Reply expert reports are due on or before <u>June 5, 2009</u>.  Along

with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert depositions shall be completed by <u>July 17, 2009</u>.

      e.    <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

    4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a

proposed form of order, the counsel must first follow the provisions of Paragraph 3(f) above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Interim Status Report</u>.  On <u>January 5, 2009</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>.  On <u>January 12, 2009</u>, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:00 a.m. Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by <u>October 8, 2008</u>, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>*Markman* Claim Construction Hearing</u>. A *Markman* claim construction hearing shall be held on _____ at _____ __.m. The *Markman* hearing is scheduled for a total of _____ hours with each side having _____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before <u>November 3, 2008</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrases(s). On or before <u>December 15, 2008</u>, the parties shall submit a Final Joint Claim Chart which shall include citations to

intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on _____ and answering claim construction briefs on _____. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits**: unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages in each instance exclusive of any table of contents or table of citations.

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Trial</u>. This matter is scheduled for a bench trial before the Honorable Gregory M. Sleet. Plaintiff believes the trial will take <u>8</u> days and should commence on <u>November 30, 2009</u>. Defendants believe the trial will take <u>8</u> days and should commence in <u>September of 2009</u>.

_____
United States Magistrate Judge