**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ORION CORPORATION,<br><br>　　　Plaintiff/Counterclaim Defendant,<br><br>　　　　　　v.<br><br>WOCKHARDT USA, INC. and<br>WOCKHARDT LIMITED,<br><br>　　　Defendants/Counterclaim Plaintiffs. | C.A. NO. 07-550-GMS-LPS |

## (PROPOSED) STIPULATED PROTECTIVE ORDER

The parties, Plaintiff/Counterclaim Defendant Orion Corporation ("Orion") and

Defendants/Counterclaim Plaintiffs Wockhardt USA, Inc. and Wockhardt Limited (collectively

"Wockhardt"), have requested that the following Stipulated Protective Order be entered to

govern the exchange of discovery material and testimony which includes non-public information,

trade secrets or confidential research, development, technical, financial, or commercial

information, or health information of both parties and of non-parties from whom discovery may

be sought and which the parties regard as confidential.

　　　1.　　　It is likely that certain information, documents, and things of the parties and third

parties, which are otherwise discoverable under the Federal Rules of Civil Procedure, may

contain or be claimed to contain trade secrets, know-how, or other confidential research,

development, technical, commercial, or financial information, or personal or health information

that is protected under state or federal privacy laws.  In the interest of permitting discovery to

proceed in the case without delay occasioned by possible disputes regarding such claims of

confidential information, the following Stipulated Confidentiality Agreement and Protective

Order ("the Protective Order") should be entered pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure.  This Protective Order shall be binding on all counsel for the parties who are

permitted access to confidential information under the terms hereof, but shall not impair the right

of any party or third party to assert that confidential information is also covered by the

attorney-client and/or work product privileges.

2.        This Protective Order shall apply to all confidential information, documents, and

things subject to discovery in this action, including, without limitation, testimony adduced at

deposition upon oral examination; answers to interrogatories; documents or other things

produced or obtained; and responses to requests for admission pursuant to the Federal Rules of

Civil Procedure.

3.        The term "Confidential Information" refers to information that is disclosed in

discovery that is designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL by any

party or non-party to this litigation, as well as to Confidential Health Information (health

information that is protected under state or federal privacy laws) that is disclosed in discovery by

a party or non-party to this litigation, without regard to whether such information has been

designated as Confidential Health Information.  Notwithstanding the foregoing, any party to this

litigation shall designate as CONFIDENTIAL HEALTH INFORMATION any Confidential

Health Information that the party discloses in discovery.

4.        Designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or

CONFIDENTIAL HEALTH INFORMATION constitutes certification by the designating party

that (i) the item of discovery so designated has been reviewed and a determination made that it is

Confidential Information, and (ii) that the designating party represents that it and its counsel are

acting in good faith when designating any material as such.

     5.     Written information, documents, or things, or any portion thereof, designated as

CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH

INFORMATION shall be so designated by placing on each page a stamp or notice stating:

**CONFIDENTIAL**
or
**HIGHLY CONFIDENTIAL**
or
**CONFIDENTIAL HEALTH INFORMATION**

(or comparable legend) in a manner that will not interfere with the legibility of the written

information.  If any Confidential Information is inadvertently produced without such stamp or

notice, the producing party will provide written notice to the receiving party that the information

or documents shall be treated as if designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or

CONFIDENTIAL HEALTH INFORMATION under this Protective Order (as appropriate), and

the producing party will promptly thereafter furnish the receiving party with a substitute set of

documents bearing the correct stamp or notice, and the receiving party will return or destroy the

original set and any copies of the original set.  Notwithstanding the foregoing sentence,

Confidential Health Information produced by a non-party to this litigation that is not so

designated shall, upon notice, be treated as if designated CONFIDENTIAL HEALTH

INFORMATION under this Protective Order.  A party or non-party may redact information that

identifies, or could be used to identify, the individual that is the subject of Confidential Health

Information ("individual identifiers") before producing or disclosing the Confidential Health

Information.  Such individual identifiers include names, initials, postal addresses, telephone

numbers, fax numbers, electronic mail addresses, social security numbers, medical record

numbers, health plan beneficiary numbers, account numbers, dates of birth, vehicle identifiers or

3

serial numbers, and full face photographic images or other comparable images or identifiers.  A

party or non-party may redact from all e-mails, personal electronic files, and documents all

personal information, including the following: home address, home and cell phone numbers,

pager numbers, names of spouses and children, credit card information, benefits information,

compensation information, and information found in employee files.

6.     Inadvertent production of any document subject to the attorney-client privilege,

the attorney work product privilege, or any other applicable privilege or immunity shall not

constitute a waiver of the privilege or immunity, provided that the producing party promptly

notifies the receiving party in writing of such inadvertent production after the producing party

discovers such inadvertent production.  Upon such notice, the receiving party shall destroy or

return to the producing party all information claimed to be subject to any privilege or immunity

and any copies of such information, subject to the following exceptions: (i) the receiving party

shall be under no obligation to destroy or return any document that was previously used as an

exhibit in a deposition or at trial or other court proceeding without objection by the producing

party as to the applicable privilege or immunity of such document, and (ii) the receiving party

may retain one (1) copy of any document claimed to be subject to the applicable privilege or

immunity for use in connection with a motion to the Court to challenge the assertion of privilege

or inadvertent disclosure of such document, but may not submit such document for *in camera*

review except at the Court's request.  While the motion referred to in (ii) of this paragraph is

pending, the receiving party shall not make use of any such document during deposition or at

trial, nor shall such document be shown by the receiving party to anyone who was not already

given access to it prior to the producing party's request to return or destroy it.  If the motion

referred to in (ii) of this paragraph is not served or filed within ten (10) days after the receiving

party has given the producing party written notice that it objects to the assertion or privilege or inadvertent disclosure, then the receiving party waives its right to make such motion, and the document must be destroyed or returned. Notwithstanding the exceptions set forth in (i) and (ii) of this paragraph, the receiving party shall certify to the producing party that the document claimed to be subject to the applicable privilege or immunity has been destroyed or returned. Such return shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to the claimed privileges or immunity.

7.     With respect to all original documents that are made available for inspection, designation by stamping as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated as HIGHLY CONFIDENTIAL pursuant to this Protective Order at the time of inspection.

8.     Information disclosed at any deposition may be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION by a statement on the record or within thirty (30) days of the receipt of the transcript of the deposition, that the testimony, or a portion thereof, is Confidential Information and subject to the provisions of this Protective Order.

9.     Matter designated as CONFIDENTIAL shall mean information used in or pertaining to business, which matter is not generally known to the public, which would not normally be revealed to another, or which would be revealed to another only in confidence. Matter designated as HIGHLY CONFIDENTIAL may include, without limitation, competitively

5

sensitive business information, including but not limited to financial information, customer identification, business plans, research and development work, and trade secrets. Matter shall not be designated as HIGHLY CONFIDENTIAL unless the producing party in good faith believes that revealing that matter to persons to whom matter designated as CONFIDENTIAL may be disclosed will or may cause injury to the producing party.

10.     Persons receiving Confidential Information under this Protective Order shall not use such Confidential Information for any purpose other than for purposes of this action, and shall not disclose such Confidential Information to any person not specified in paragraphs 11 or 12 without prior written consent of the producing party or further order of this Court.

11.     As to produced matter designated as CONFIDENTIAL, such information shall not be disclosed, given, shown, made available, or communicated to anyone other than:

    (a)     The Court and its personnel, including clerks and court reporters;

    (b)     The attorneys of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators, and others performing services in conjunction with this litigation;

    (c)     Two in-house counsel for each of Orion and Wockhardt;

    (d)     Outside technical advisors or experts (collectively "Experts") who are performing services in connection with this litigation, and who have executed the Declaration and Agreement to Be Bound by Court Order Governing Confidentiality of Information ("Confidentiality Declaration")

in the form attached hereto as Exhibit A and submitted the additional

information required pursuant to paragraph 14;

(e)     The author(s) or prior recipient(s) of a document containing Confidential

Information, provided it is established in the document or by agreement of

the parties that the person is an author or prior recipient of the document.

The Confidential Information that is disclosed, given, shown, made

available, or communicated to persons pursuant to this subparagraph is

limited to the Confidential Information that is contained in the document

in which that person has been identified as an author or prior recipient.

12.     As to produced matter designated as HIGHLY CONFIDENTIAL or

CONFIDENTIAL HEALTH INFORMATION, and as to Confidential Health Information

known to constitute Confidential Health Information without regard to whether such information

is so designated, such information shall not be disclosed, given, shown, made available, or

communicated to anyone other than:

(a)     The Court and its personnel, including clerks and court reporters;

(b)     The attorneys of record and their partners, associates, paralegals,

secretaries, and employees; as well as outside copying, graphic or design

services; computer services; and court reporters, videographers,

translators, and others performing services in conjunction with this

litigation;

(c)     Outside Experts who are performing services in connection with this

litigation, and who have executed the Confidentiality Declaration in the

form attached hereto as Exhibit A and submitted the additional

information required pursuant to paragraph 14;

(d)     The author(s) or prior recipient(s) of a document containing Highly

Confidential Information or Confidential Health Information, provided it

is established in the document or by agreement of the parties that the

person is an author or prior recipient of the document.  The Highly

Confidential Information or Confidential Health Information that is

disclosed, given, shown, made available, or communicated to persons

pursuant to this subparagraph is limited to the Highly Confidential

Information or Confidential Health Information that is contained in the

document in which that person has been identified as an author or prior

recipient.

13.     Before the disclosure of any Confidential Information to any person covered by

paragraph 11(c), such person shall be cautioned against the disclosure of Confidential

Information to anyone else and shall be advised that the Confidential Information is the subject

of a Court Order, and such person shall acknowledge his agreement to abide by this Protective

Order and to be subject to the jurisdiction of this Court by executing a Confidentiality

Declaration in the form attached hereto as Exhibit A, a copy of which shall be provided to

counsel for all parties and non-parties who have produced Confidential Information under this

Protective Order.

14.     Before Confidential Information may be disclosed to a person identified as an

Expert as provided in subparagraphs 11(d) and 12(c), the party retaining the person shall provide

notice of the intended disclosure.  The notice shall be made by serving an executed

Confidentiality Declaration in the form attached hereto as Exhibit A, along with a written

statement setting forth that person's present business address, employer, job title, and any past or

present association with any party, and a *curriculum vitae* which includes a list of publications

and a list of the person's clients in any ongoing consultations and any consultations within the

last four (4) years relating to the pharmaceutical field or industry.  No Confidential Information

shall be disclosed to such person until after the expiration of five (5) business days, commencing

with the service of said notice by facsimile or electronic mail ("e-mail") upon counsel of record

for the producing party.  If any party objects to the disclosure of Confidential Information to that

person within this five (5) business day period, the parties shall attempt in good faith to resolve

the disclosure dispute and no such disclosure of Confidential Information shall be made to that

person without prior approval of the Court or the objecting party or waiver of the objection as set

forth below.  Any objection shall be in writing and state with particularity the basis for the

objection.  The objecting party shall have the ultimate burden of showing why that person should

not have access to Confidential Information and shall have the initial burden of moving the Court

(within ten (10) days of serving its written objections on the opposing party by facsimile or

e-mail) to preclude disclosure of Confidential Information to such person.  If no application is

made to the Court within this ten (10) day period, the objection is waived.  Pending resolution of

any such motion, no disclosure of Confidential Information shall be made to that person.

      15.    Should any Confidential Information be disclosed, through inadvertence or

otherwise, by the receiving party to any person or party not duly authorized under paragraphs 11

and 12 of this Protective Order, then the receiving party shall (i) use its best efforts to obtain the

return of any such Confidential Information and to bind such persons to the terms of this

Protective Order; (ii) within three (3) business days of the discovery of such disclosure, inform

such person of all provisions of this Protective Order; (iii) within five (5) business days of the discovery of such disclosure, identify such person to the producing party; and (iv) request such person to execute the Confidentiality Declaration in the form attached hereto as Exhibit A. The executed Confidentiality Declaration shall be served upon counsel of record for the producing party within five (5) business days of its execution by the party to whom Confidential Information was disclosed.

16.    Counsel and all other persons to whom Confidential Information is disclosed pursuant to this Protective Order shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of the Confidential Information.

17.    If a party wishes to file Confidential Information with the Court, it shall take reasonable steps to ensure that such information is impounded, kept under seal, and unavailable to the public, in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. All Confidential Information filed with the Court shall be filed in sealed envelopes or containers that bear the caption of the litigation, identify the party or third party that furnished the information, and contain the statement (or a similar legend):

> **CONFIDENTIAL (or HIGHLY CONFIDENTIAL or**
> **CONFIDENTIAL HEALTH INFORMATION)**
> **This envelope (or container) contains documents, materials, or**
> **other things that are impounded until further Order of the**
> **Court. The contents of this envelope (or container) shall not be**
> **displayed or revealed except by Order of the Court.**

18.    Nothing in this Protective Order shall prohibit the use of, or reference to, any Confidential Information in court; provided, however, that the party using or planning to use such information shall take reasonable steps to eliminate or minimize the risk of disclosure to unauthorized persons, and that Confidential Health Information shall not be used or disclosed in

open court unless in accordance with a further order of the Court, such as an order of the Court sealing the Court room.

19.     This Protective Order applies to the pre-trial phase of this action and any hearings or preliminary injunction proceedings held before a final trial on the merits.  Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Confidential Information at trial, and shall submit such agreement or proposals to the Court for consideration.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at hearing, trial, or other proceeding.

20.     Within sixty (60) days after the conclusion of this litigation, including all appeals, any Confidential Information (including copies and originals) shall be destroyed or returned to the designating party.  Notwithstanding the provisions for return or destruction of Confidential Information, trial counsel may retain pleadings or other papers filed with the Court or served in the course of the litigation, attorney and consultant work product, deposition transcripts and deposition exhibits containing Confidential Information, hearing transcripts, and the trial record (including exhibits and transcripts), but their use shall continue to be governed by the terms hereof.  At the written request of the producing party, outside counsel for each party shall deliver to the producing party a letter confirming that reasonable efforts have been made to assure that Confidential Information has been destroyed or returned to the producing party.  Efforts to destroy or return Confidential Information need not include information that may be stored in electronic media that is not reasonably accessible, such as in disaster recovery backup.  For purposes of this paragraph, conclusion of the litigation occurs when all parties to the litigation settle their claims, or when the time for any party to file an appeal or petition for review of any decision of the Court in this litigation has expired.

21.     Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

22.     The designation of material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION by a party or non-party is intended solely to facilitate compliance with discovery in this litigation.  Failure to designate information shall not constitute a waiver of any claim by a party or non-party that information is Confidential Information within the meaning of this Protective Order.  Nothing contained in this Protective Order shall be construed as an admission by any party that receives documents or other materials designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION that such materials are, in fact, Confidential Information within the meaning of this Protective Order.  A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION, the parties will first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party, within 30 days after making its objection, may seek appropriate relief from the Court, and the party seeking to challenge the designation shall have the burden of proving that the designated information is not CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL HEALTH INFORMATION.

23.     All documents and other materials designated as CONFIDENTIAL, HIGHLY

CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION shall be treated by a

recipient as such under the terms of this Protective Order unless and until such designation is

revoked by the designating party or the Court.

24.     Nothing contained in this Protective Order shall be construed as a waiver by any

party of its right to object to any discovery request made in this action.  The execution of this

Protective Order shall not constitute a waiver by any party of any applicable privilege or

immunity.

25.     Nothing in this Protective Order shall affect the right of the designating party to

disclose its own Confidential Information to any person or entity.  Such disclosure shall not

waive any of the protections of this Protective Order.

26.     If a third party provides discovery to any party in the above-captioned case, such

third party may adopt the terms of this Protective Order with regard to the production of

Confidential Information by executing and filing with the Court a Notice of Election to Adopt

Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in

the form attached hereto as Exhibit B.  In the event of such election, the provisions of this

Protective Order shall apply to such discovery as if such discovery were being provided by a

party to this litigation.  Under such circumstances, the third party shall have the same rights and

obligations under this Protective Order as held by the parties to this litigation.

27.     By entering this Order and limiting the disclosure of information in this case, the

Court does not intend to preclude another court from finding that information may be relevant

and subject to disclosure in another case.  Any person or party subject to this Order who becomes

subject to a motion to disclose another party's information designated as CONFIDENTIAL,

HIGHLY CONFIDENTIAL, or CONFIDENTIAL HEALTH INFORMATION pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

28.    Notwithstanding the designation of information as containing Confidential Information, the restrictions of this Protective Order shall not apply to any information produced pursuant to discovery in this litigation, other than Confidential Health Information, that:

       (a)    is already known to the general public;

       (b)    has become or becomes public knowledge other than as a result of disclosure by the receiving party; or

       (c)    has come into the receiving party's legitimate possession independently of the producing party.   Nothing herein restricts a producing party's use of its own Confidential Information.

29.    This Protective Order may be modified by written stipulation of the parties without further Order of the Court, provided, however, that any such stipulated modification concerning the use or disclosure of Confidential Health Information shall be presented to the Court.

30.    This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time, for good cause or when convenience or necessity requires, for additional protection, modifications of the terms of this Order, or to relax or rescind the restrictions of this Order.

31.    This Protective Order shall not bar attorneys from advising their clients with respect to this litigation, or generally commenting on Confidential Information, so long as such advice or comment does not disclose the Confidential Information.

__/s/ Richard K. Herrmann_____
Richard K. Herrmann, Esq. (I.D. #405)
Mary B. Matterer, Esq. (I.D. #2696)
**Morris James LLP**
500 Delaware Avenue, Suite 1500
Wilmington, Delaware  19801
Tel:  (302) 888-6800
Fax:  (302) 571-1750
rherrmann@morrisjames.com

Of Counsel:

Charles E. Lipsey, Esq.
**Finnegan, Henderson, Farabow,
     Garrett & Dunner, L.L.P.**
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Tel.: (571) 203-2700
Fax: (571) 203-2777

Susan Haberman Griffen, Esq.
Bryan C. Diner, Esq.
M. Andrew Holtman, Esq.
**Finnegan, Henderson, Farabow,
     Garrett & Dunner, L.L.P.**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel.:  (202) 408-4000
Fax:  (202) 408-4400

*Attorneys for Plaintiff/Counterclaim
Defendant Orion Corporation*

___/s/ Philip A. Rovner_____
Philip A. Rovner, Esq. (I.D. #3215)
**Potter Anderson & Corroon LLP**
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
Tel:  (302) 984-6000
Fax:  (302) 658-1192
provner@potteranderson.com

Of Counsel:

Andrew M. Berdon, Esq.
Robert B. Wilson, Esq.
Anastasia M. Fernands, Esq.
James E. Baker, Esq.
**Quinn Emanuel Urquhart Oliver &
     Hedges, LLP**
51 Madison Avenue, 22nd Floor
New York, New York  10010
Tel:  (212) 849-7000
Fax:  (212) 849-7100

*Attorneys for Defendants/Counterclaim
Plaintiffs Wockhardt USA, Inc. and
Wockhardt Limited*

 

 

**SO ORDERED** this _____ day of _____, 2008.

_____
United States District Court Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORION CORPORATION, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | C.A. NO. 07-550-GMS-LPS |
| v. | ) ) | |
| WOCKHARDT USA, INC. and WOCKHARDT LIMITED, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) ) | |

## DECLARATION AND AGREEMENT TO BE BOUND BY
## COURT ORDER GOVERNING CONFIDENTIALITY OF INFORMATION

1.    I, _____, have been asked by counsel for (Plaintiff/Defendant) in the above-captioned matter to review certain documents or other information which is confidential and subject to a Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered by the court which governs the use of Confidential Information (as defined in the "Protective Order").

2.    My present employer is _____ and the address of my present employer is _____. My present occupation or job description is _____.

3.    Counsel for the (Plaintiff/Defendant) has explained to me that I am not permitted to disclose the Confidential Information or use documents containing Confidential Information for any purpose other than as permitted in the Protective Order.

4.      I have reviewed the Protective Order governing the use of this Confidential Information and agree to be bound thereby, and voluntarily submit to the jurisdiction of the United States District Court for District of Delaware with respect to the enforcement of said Protective Order, or with respect to any other order issued by the Court governing the use of Confidential Information.


**Dated:**_____                      _____
                                                                                                 **Name**

                                                                                                 _____
                                                                                                 **Title**

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ORION CORPORATION, | ) ) ) ) | C.A. NO. 07-550-GMS-LPS |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | |
| WOCKHARDT USA, INC. and WOCKHARDT LIMITED, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) ) ) | |

## NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
## ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1.        _____, a non-party to the above-captioned litigation, has

been requested and/or subpoenaed by a party to produce discovery containing Confidential

Information in connection with the above-captioned litigation.

2.        I  hereby elect to adopt the terms of the Stipulated Confidentiality Agreement and

Protective Order (herein, the "Protective Order") with regard to its terms regarding production of

Confidential Information.

3.      The provisions of the Protective Order shall apply to written discovery and testimony produced by _____ as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.


**Dated:** _____

_____
**Name**

_____
**Title**

2